STATE OF NEBRASKA, APPELLEE, V. CLYDE WEST ET AL.,
APPELLANTS.

196 N. W. 2d 514

Filed April 20, 1972. No. 38353.

Holtorf, Hansen, Kortum & Kovarik and David C. Nuttleman, for appellants.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendants have been convicted of engaging in the construction of a sewer disposal system without obtaining a permit therefor from the state Environmental Control Council. We reverse the judgment of the district court.

Plans for the disposal system were submitted to the council and, after suggested revisions were made, ap-

proved. No permit was issued, but after institution of this prosecution, a letter was written approving the project plans and stating that the letter of approval should be considered a "permit."

Prior to the commencement of this prosecution, it was not the practice of the council to issue permits nor had it adopted any rules or regulations governing or setting standards for the construction of sewage disposal units. Neither had it, by rule or regulation, provided for the issuance of permits or set out the circumstances under which they would be required. The present act, Chapter 81, article 15, sections 81-1501 to 81-1532, R. R. S. 1943, supplants and combines the duties formerly allotted to the Air Pollution Control Council, Water Pollution Control Council, and Department of Health. By virtue of section 81-1505 (5), R. R. S. 1943, the State contends that the rules adopted by these organizations become the rules of the state Department of Environmental Control. We cannot agree. That section adopts only *standards of quality* of air, waters or land." (Emphasis supplied.) Furthermore, this record fails to reflect the existence of *any* rules or regulations.

The statute under consideration, section 81-1506 (2), R. R. S. 1943, provides: "It shall be unlawful for any person to carry on any of the following activities unless he holds a *current permit therefor from the council, as is required by it,* for the disposal of all wastes which are or may be discharged thereby into the air, waters or land of the state:

"(a) The construction, installation, modification or operation of any disposal system or part thereof or any extension or addition thereto; * * *." (Emphasis supplied.)

It will be noted that one constructing a disposal system must hold "a current permit therefor from the council, *as is required* by it." (Emphasis supplied.) In the complete absence of rules or regulations of the coun-

cil requiring a permit and fixing standards or conditions under which it must be obtained, it is apparent that the statute is not applicable and has never been activated. Furthermore, in the absence of standards of the council clearly defining when, under what conditions, and for what purposes a permit shall be required, the law is too vague and uncertain to support a criminal prosecution. The council may see fit to exempt certain types of projects or minor extensions. "A crime must be defined with sufficient definiteness and there must be ascertainable standards of guilt to inform those subject thereto as to what conduct will render them liable to punishment thereunder." State v. Nelson, 168 Neb. 394, 95 N. W. 2d 678.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.